IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Byon Hill,<br><br>    Petitioner,<br><br>vs.<br><br>Conrad M. Graber, Warden,<br><br>    Respondent. | No. CV 10-723-TUC-FRZ (HCE)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 9) and Memorandum in Support of Amended Petition (Doc. 10) (hereinafter "Petitioner's Memorandum"). On March 9, 2011 Respondent filed an Amended Return and Answer (Doc. 14) (hereinafter "Amended Answer"). Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for Report and Recommendation. For the following reasons the Magistrate Judge recommends that the District Court deny and dismiss the Petition.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is an inmate currently incarcerated at the Federal Correctional Institution in Safford, Arizona (hereinafter "FCI Safford"). (Amended Answer, p. 2 (*citing* Exh. 1)).

In the instant Amended Petition, Petitioner claims that the Bureau of Prisons (hereinafter "BOP") refused to transfer him to a Residential Re-entry Center (hereinafter "RRC") in violation of 18 U.S.C. §§ 3621(b) and 3624(c). (Amended Petition and Memorandum).

In 2001, Petitioner was convicted in the United States District Court for the Central District of California of Armed Bank Robbery in violation of 18 U.S.C. § 2113(A),(D), and Use and Carrying a Firearm during a federal offense in violation of 18 U.S.C. § 924(c). (Amended Answer, p.2 (*citing* Exh. 1)). He was sentenced to an aggregated term of 171 months of imprisonment, followed by 5 years of supervised released. (*Id.*). Petitioner was also ordered to pay a $200 Crime Victim Fund Assessment and $1,204.50 in restitution to the victim of his crime. (*Id.*). Petitioner's projected release date is December 14, 2012 via Good Conduct Time Release. (Amended Answer, p.2 & Exh. 1, Att. B).

Petitioner claims that on February 8, 2010, he submitted to Case Manager Smith an "Inmate Request to Staff" to be immediately considered for transfer to RRC placement pursuant to the factors set forth in 18 U.S.C. §3162(b). (Amended Petition, p.4; Amended Answer, Exh. 1, Att. C (Petitioner's February 8, 2010 "Inmate Request to Staff")). According to Petitioner, he never received a response to his request and Respondent does not dispute this contention. (Amended Petition, p.4; *see also* Amended Answer.). Two months later, on April 20, 2010, Petitioner submitted an "Attempt at Informal Resolution" form regarding Case Manager Smith's failure to respond to the February 8, 2010 request for transfer. (Amended Petition, p.4; Amended Answer, Exh. 1, Att. C (Petitioner's April 20, 2010 Attempt at Informal Resolution)). On April 27, 2010, an "Administrative Remedy Response" to Petitioner's April 20, 2010 Attempt at Informal Resolution was issued denying Petitioner's request for transfer. (Amended Answer, Exh. 1, Att. C (April 27, 2010 "Administrative Remedy Response")). The Administrative Remedy Response stated in pertinent part:

> a[] Residential Reentry [sic] placement of 150-180 days will be sufficient for your release needs. You were sentenced to a 171 month term for Use and Carrying of Firearm; Armed Bank Robbery. You appear to have a tie to the Central District of California, as your family lives in this district. The resources of the Residential Re-entry Center are equitable and appropriate but

> do not exceed what is offered at this facility. You also appear to be programming well at FCI Safford. The court recommendations were reviewed and there were no recommendations for an extended Residential Reentry [sic] placement. You appear to have ample resources available to you upon release to assist with your re-entry to society. Bureau experience reflects that inmates' release needs can usually be accommodated by a placement of six months or less. You have offered no compelling reasons for an immediate release to a Residential Reentry [sic] placement of over six months. Your designation at this facility is appropriate and your request for immediate Residential Reentry [sic] placement is denied.

(*Id.*).

Thereafter, Petitioner filed a "Request for Administrative Remedy" challenging the denial of his request for immediate transfer to RRC placement. (Amended Petition, p.2; Amended Answer, Exh. 1, Att. C (Petitioner's May 7, 2010 Request for Administrative Remedy)). On May 19, 2010, the Warden denied Petitioner's request based upon review of Petitioner's case under the "five-factor criteria" specified in 18 U.S.C. § 3621(b). (Amended Answer, Exh. 1, Att.C (May 19, 2010 denial of Request for Administrative Remedy)). Petitioner was advised that review of his case using the five-factor criteria "determined you are appropriately housed at FCI Safford. As with all routine transfers, the Unit Team will continue to monitor your case and if appropriate, refer you for lesser security activities and RRC placement." (*Id.*).

Petitioner appealed the May 2010 denial and he also requested placement in a minimum security facility if his request for transfer to RRC placement was denied on appeal. (Amended Answer, Exh. 1, Att. C (Petitioner's May 25, 2010 "Regional Administrative Remedy Appeal")). On June 22, 2010, the Regional Director denied Petitioner's appeal as follows in pertinent part:

> Your appeal has been investigated. A review of your case reveals that you are serving a 171-month sentence for Armed Bank Robbery and Use and Carrying a Firearm During a Crime of Violence. You have a projected release date of December 2012. Our investigation supports the Warden's response. Institution staff utilized Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedure*, and the criteria set forth in the Second Chance Act of 2007, in determining that you are appropriately housed at a low security level institution. You are incarcerated for a violent crime of the greatest severity and have a history of additional violent crimes. As such, you have a public safety factor which requires your placement in at least a low security level institution. Therefore, you are not eligible for placement in a minimum security facility and are appropriately housed at the

low security level FCI, Safford, Arizona. When you are 17-19 months from your projected release date, you will be reviewed for RRC consideration.

(Amended Answer, Exh. 1, Att. C (June 22, 2010 denial of Regional Administrative Appeal)).

Petitioner next filed a "Central Office Administrative Remedy Appeal." (Amended Answer, Exh. 1, Att. C (Petitioner's July 27, 2010 Central Office Administrative Remedy Appeal)). On February 2, 2011, the Administrator of National Inmate Appeals denied Petitioner's appeal as follows in pertinent part:

> Our review of this matter reveals that the Warden and Regional Director have adequately addressed your concerns. No inmate is entitled to either RRC placement or placement of a particular duration. The maximum duration of RRC placement was enlarged to 12 months by the Second Chance Act of 2007, which was signed into law on April 9, 2008. Inmates are considered on an individual basis for pre-release community confinement in a manner consistent with the criteria established at 18 U.S.C. § 3621(b).
>
> Upon review of your individual case, along with consideration of the above factors and the criteria in 18 U.S.C. § 3621(b), staff determined your current designation is commensurate with your security and programming needs and transfer to an RRC is not warranted at this time. You are a Low security level inmate with In [sic] custody and appropriately designated to FCI Safford. Your current projected release date is December 14, 2012. You will again be reviewed for RRC placement by your unit team between 17 and 19 months of your projected release date and a final determination will be made.

(Amended Answer, Exh. 1, Att. C (February 2, 2011 denial of Central Office Administrative Remedy Appeal)).

Respondent points out that in addition to raising the issue of immediate transfer to RRC placement through the administrative remedy process, Petitioner may raise the issue during his twice yearly Program Reviews. (Amended Answer, Att. 2 (Doc. 14-2), ¶3). Further, "Petitioner will be considered for *routine* pre-release placement in an RRC 17-19 months in advance of his presumptive release date of December 14, 2012. This review will occur at his July 16, 2011, Program Review." (*Id.* at ¶4 (emphasis in original); *see also id.* at ¶5 ("Routine transfers are addressed at Program Reviews pursuant to guidance issued by the Central Office on November 14, 2008, *Routine RRC Transfer Guidance"*)).

## II. DISCUSSION

Petitioner contends that Respondent abused his discretion and violated applicable statutes in denying Petitioner's request for immediate RRC placement. (*See* Amended Petition & Petitioner's Memorandum). Respondent contends that the decision to deny Petitioner's request for transfer to RRC placement is consistent with the discretion afforded the BOP under 18 U.S.C. § 3621(b) and, therefore, Petitioner's Amended Petition should be denied. Respondent also argues that Petitioner's claim under 18 U.S.C. §3624(c) is premature.

A person who has been convicted in the federal criminal justice system and sentenced to a term of imprisonment is committed to the custody of the BOP. 18 U.S.C. § 3621(a). Pursuant to the applicable statutory scheme, the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). "Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs: 18 U.S.C. §§ 3621(b) and 3624(c)." *Sacora v. Thomas,* 628 F.3d 1059, 1061-62 (9th Cir. 2010). Section 3621 "governs the BOP's authority in cases where a prisoner who has more than a year left to serve of his or her prison sentence requests a transfer to such a facility." *Id.* at 1062 (footnote omitted). Under section 3621, the BOP may designate any available facility determined to be appropriate and suitable, including an RRC, considering the following five factors:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the [prisoner's] offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence–
>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b)(1)-(5). Thus, section 3621(b) mandates the BOP to make an individualized assessment under the five statutory criteria when making transfer or placement determinations "'to *any* available penal or correctional facility[]'" including RRC placement.

*Rodriguez v. Smith*, 541 F.3d 1180, 1188 (9th Cir.2008) (*quoting* 18 U.S.C. §3621(b)) (emphasis in original).

Additionally, under section 3624(c):

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of *the final months of that term (not to exceed 12 months)*, under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1) (emphasis added); *see also Sacora,* 628 F.3d at 1062. Accordingly, section "3624 governs the designation of prisoners to RRCs for the final months of their sentences." *Sacora,* 628 F.3d at 1062 (footnote omitted). In administering section 3624(c), BOP automatically reviews prisoners for RRC placement "17-19 months before their projected release dates." *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008); *see also Sacora,* 628 F.3d at 1067-68 (pre-release placement review occurring "somewhere between 17 and 19 months before the inmate's release...affords each inmate the opportunity to be placed in a[n] RRC for the full 12 months the statute authorizes, should the circumstances justify it."). "[T]he ultimate point of reference for RRC placement decisions under section 3624(c) is the set of factors set forth in section 3621(b)...." *Sacora,* 628 F.3d at 1068.

The Ninth Circuit has explained that "[s]ection 3621(b) specifically provides that the BOP has discretion to place an inmate into 'any available penal or correctional facility' and to 'direct the transfer of an inmate from one penal or correctional facility to another' '*at any time*[]' 18 U.S.C. § 3621(b)....[; whereas] the plain language of § 3624(c), addresses the separate and unrelated authority and obligation to place inmates into RRCs during the [final months of]...their sentences." *Rodriguez,* 541 F.3d at 1187 (emphasis added). Petitioner's projected release date, assuming good conduct time, is December 14, 2012. Thus, when Petitioner requested immediate transfer to RRC placement in 2010, he was not within 12 months of the completion of his sentence. *See* 18 U.S.C. § 3624; (*see also* Amended Answer, p.4 n. 1). Further, because Petitioner had more than 19 months pending on his sentence when he submitted the April 2010 request, he did not fall within the automatic pre-

- 6 -

1 | release placement review period under section 3624(c). Therefore, section 3624(c) did not
2 | apply to Petitioner's request at issue. Instead, Petitioner's request fell only under section
3 | 3621(b).

Petitioner takes specific issue with the statements in the initial denial of transfer to RRC placement dated April 27, 2010 that RRC "placement of 150-180 days will be sufficient for your release needs" and that "Bureau experience reflects that inmates' release needs can usually be accommodated by a placement of six months or less. You have offered no compelling reasons for an immediate release to a Residential Reentry [sic] placement of over six months." (Amended Answer, Exh. 1, Att. C (April 27, 2010 Administrative Remedy Response)). Responses to Petitioner's subsequent requests for review and appeal of the April 27, 2010 decision reflect that when Petitioner is within 17 to 19 months from his projected release date, he will be reviewed for RRC consideration, which is consistent with section 3624(c). *See Sacora,* 628 F.3d at 1063.

Petitioner argues that he was limited "to six months or less..." in RRC placement "which is not what [C]ongress intended." (Petitioner's Memorandum, p. 5). Petitioner contends that he was denied RRC placement not based upon consideration of the five statutory factors but because he had more than six months of his sentence left to serve. (Amended Petition, p. 9; *see also* Petitioner's Memorandum, pp. 5-6 (arguing that in denying his request, BOP "enforce[d] their categorical rules that limits []RRC[] placement to six months....")). Petitioner requests the Court direct BOP to immediately consider transferring him to RRC placement pursuant to the factors set forth in 18 U.S.C. §3621(b). (Amended Petition, p.9).

The Ninth Circuit has invalidated a BOP regulation that categorically limited inmates' RRC confinement under section 3621(b) to the last ten percent of the prison sentence being served, not to exceed six months. *Rodriguez,* 541 F.3d at 1183 (*citing* 28 C.F.R. §§ 570.20,

570.21[1]). The Ninth Circuit so held finding that "an 'unavoidable conflict' exists because the statute requires the BOP to consider five factors in determining...placement, while the regulation provides that the enumerated factors will not be fully considered." *Id.* (*citing Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 249 (3rd Cir. 2005)). The regulation at issue, 28 C.F.R. §570.21 has since been amended. *See* 73 *Fed.Reg.* 62440-01, 62443 (October 21, 2008).

Nothing in the instant record supports Petitioner's position that the BOP exercised its discretion to categorically limit Petitioner's RRC confinement to six months or less. Instead, the record is clear that Petitioner's request was considered and rejected upon consideration of the five statutory factors with specific regard to Petitioner's circumstances. The BOP determined that: (1) the resources of the RRC "are equitable and appropriate but do not exceed what is offered at..." FCI Safford where Petitioner is presently incarcerated (Amended Answer, Exh. 1, Att. C (April 27, 2010 Administrative Remedy Response));*see also* 18 U.S.C. §3621(b)(1) (requiring consideration of the facility's resources); (2) Petitioner had been convicted of "Use and Carrying of Firearm; Armed Bank Robbery" (Amended Answer, Exh. 1, Att. C (April 27, 2010 Administrative Remedy Response)), and is "incarcerated for a violent crime of the greatest severity..." (Amended Answer, Exh. 1, Att. C (June 22, 2010 denial of Regional Administrative Appeal (also noting that Petitioner was convicted of "Armed Bank Robbery and Use and Carrying a Firearm During a Crime of Violence"))); *see also* 18 U.S.C. §3621(b)(2) (requiring consideration of the nature and circumstances of the prisoner's offense); (3) Petitioner "appear[ed] to have a tie to the Central District of California, as [his]...family lives in this district...", he appeared "to be programming well at

---

[1] Leading up to *Rodriguez*, "the BOP recognized that it generally ha[d] discretion under section 3621(b) to place an inmate in an RRC at any time...However, the BOP elected to 'exercise its discretion to categorically limit inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months.'" *Rodriguez,* 541 F.3d at 1183 (*quoting* 69 *Fed.Reg.* 51213 (Aug. 18, 2004) and *citing* 28 C.F.R. §§ 570.20, 570.21)). The BOP's decision to exercise its discretion in this manner was challenged and invalidated in *Rodriguez.*

FCI Safford", he "appear[ed] to have ample resources available to [him]...upon release to assist with...re-entry to society" (Amended Answer, Exh. 1, Att. C (April 27, 2010 Administrative Remedy Response)), Petitioner "ha[s] a history of additional violent crimes...[and has]...a public safety factor which requires [his]... placement in at least a low level security institution" (Amended Answer, Exh, 1, Att. C (June 22, 2010 denial of Regional Administrative Appeal)); *see also* 18 U.S.C. §3621(b)(3) (requiring consideration of the history and characteristics of the prisoner); (4) the sentencing court's recommendations reflected "no recommendations for an extended Residential Re[-]entry placement." (Amended Answer, Exh. 1, Att. C (April 27, 2010 Administrative Remedy Response)); *see also* 18 U.S.C. §3621(b)(4) (requiring consideration of statements by the sentencing court concerning purposes for which the sentence was determined to be warranted or recommending a type of penal or correctional facility as appropriate); and (5) at the time of Petitioner's request, the U.S. Sentencing Commission had not issued any policy statements related to the BOP's pre-release RRC placement procedures (Amended Answer, Exh. 1, Att. C (May 19, 2010 denial of Request for Administrative Remedy)); *see also* 18 U.S.C. §3621(b)(5) (requiring consideration of any pertinent policy statement issued by the Sentencing Commission). Although the BOP's responses may be brief, "the statute does not require the BOP to provide prisoners with a detailed statutory analysis whenever a prisoner requests an immediate transfer to an RRC." *Miller,* 527 F.3d at 758.

Further, on this record, reference in the April 2010 Administrative Remedy Response to BOP's "experience...that inmates' release needs can usually be accommodated by a placement of six months or less" does not negate the fact that Petitioner's request was determined on an individualized basis under the five factors set out at section 3162(b). *See Sacora,* 628 F.3d at 1067 ("The BOP...is entitled to use its experience in interpreting and administering a statute."). The record does not support the conclusion that Petitioner's request for immediate transfer to RRC placement was categorically denied because he had more than six months of his sentence to serve. Instead, Petitioner's request was evaluated under the five statutory factors. Because Petitioner's request for immediate transfer to RRC

- 9 -

placement was determined on an individual basis considering the five factors set out at 18 U.S.C. § 3621(b), Petitioner's Amended Petition should be denied on this ground.

Petitioner also argues that his request for RRC placement was determined pursuant to an April 14, 2008 Memorandum (hereinafter "April 2008 Memorandum") issued by the BOP which, according to Petitioner, states that inmate placement beyond 180 days is highly unusual and only possible with extraordinary justification. (Petitioner's Memorandum, pp. 7-9). He argues that the BOP's April 2008 Memorandum is contrary to 18 U.S.C. § 3624(c).

BOP officials issued the April 2008 Memorandum to explain changes to section 3624(c) in light of the Second Chance Act (hereinafter "SCA") which, among other things, amended section 3624(c) to lengthen the maximum amount of time for RRC placement available under that statute from six months to twelve months. *See Sacora,* 628 F.3d at 1061, 1063. The April 2008 Memorandum "remind[ed] staff that inmates must be individually considered for pre-release placements in community corrections facilities and that this individual consideration must be based on the criteria set forth in section 3621(b)." *Id.* at 1064. The April 2008 Memorandum also noted that BOP "experience reflects that inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager." *Id.*

Petitioner did not fall within section 3624(c) when he made his request for immediate transfer because he had more than 12 months of his sentence left to serve. *See* 18 U.S.C. §3624(c).[2] Although the April 27, 2010 Administrative Remedy Response contained the opinion that a placement of 150-180 days would be sufficient for Petitioner's needs, nothing prevented Petitioner from consideration for transfer under section 3624(c) at the appropriate time. Moreover, consistent with section 3624(c), Petitioner was specifically advised that he

---

[2] Nor did Petitioner fall within the automatic pre-release placement review period because he had more than 19 months left to serve.

- 10 -

1 would receive automatic review for RRC placement when he was 17-19 months from his
2 projected release date. On the instant record, Respondent is correct that any argument that
3 Petitioner advances herein regarding violation of section 3624(c) is premature. *See Mayes*
4 *v. Tews,* 2011 WL 1812526, *3 (N.D. Cal. May 12, 2011) (*citing Quan v. U.S. Bureau of*
5 *Prisons,* 402 Fed.Appx. 181, 2010 WL 4296638 (9th Cir. 2010) (unpublished) (claim under
6 the section 3624(c) is unripe where prisoner is not yet serving that portion of his sentence
7 which would qualify him for RRC consideration under that statute)). Further, the Ninth
8 Circuit has recognized that "the BOP relied on 'Bureau experience' to explain its choice to
9 require unusual circumstances and additional checks before placing prisoners in RRCs for
10 longer than six months....[I]t was reasonable for the BOP to rely on its experience..." in
11 interpreting and administering the SCA. *Sacora*, 628 F.3d at 1069. Moreover, the Ninth
12 Circuit has upheld BOP reliance on such policy in administering the SCA. *See id.* at 1070
13 ("The SCA does not require the BOP to make any placements in a[n] RRC for longer than
14 six months; the statute affords the BOP the option to make placements up to 12
15 months....[W]e conclude that the policies are based on a reasonable construction of the
16 SCA....and those policies are not arbitrary or capricious.").

### III. CONCLUSION

Because the BOP assessed Petitioner's request for immediate transfer to RRC placement on an individual basis in light of the factors set out at 18 U.S.C. § 3621(b), Petitioner's Amended Petition should be denied to the extent that he requests the Court to direct BOP to immediately consider his transfer to RRC placement. Additionally, Petitioner's remaining claim under 18 U.S.C. § 3624(c) is premature and the Amended Petition should be dismissed as to that claim.

### IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court deny and dismiss Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 9).

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of

Arizona, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2). If objections are filed, the parties should use the following case number: **CV 10-723-TUC FRZ.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 8th day of July, 2011.

_____
Héctor C. Estrada
United States Magistrate Judge